## ELWOOD GRAIN CO. v. WHITFIELD GROCERY CO.

(Circuit Court of Appeals, Fifth Circuit. October 11, 1920.)

### No. 3579.

Sales ⚫══340—Seller could not sue for price, where contract limited him to action for damages determined by resale.

Where a contract for sale of corn to be shipped to the buyer expressly provided that, if the buyer failed to pay a draft for the price attached to the bill of lading, he would pay the difference between the contract price and the price realized for the grain, together with all expenses incurred in disposing of it, and the buyer refused to pay the draft and did not obtain the corn, his liability *held* to be that fixed by the contract, and the petition in an action by the seller for the contract price, which did not show what disposition was made of the corn, *held* not to state a cause of action.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action at law by the Elwood Grain Company against the Whitfield Grocery Company. Judgment for defendant, and plaintiff brings error. Affirmed.

A. L. Miller and M. D. Jones, both of Macon, Ga., for plaintiff in error.

Wallace Miller, of Macon, Ga., and Joseph E. Pottle and John T. Allen, both of Milledgeville, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, Elwood Grain Company, a corporation engaged in the grain business at St. Joseph, Mo. (herein referred to as the plaintiff), against the defendant in error, Whitfield Grocery Company, a corporation doing business at Milledgeville, Ga. (herein referred to as the defendant), to recover the agreed price of two lots of corn, claimed to be due under two similar written contracts for the sale of such corn by the

former to the latter. Copies of the contracts were made exhibits to the petition. The following is a copy of one of the contracts:

"Office of Elwood Grain Company, Corby-Forsee Building.

"Contract for Sale Corn.  No. 9859.

"This is our contract with you and is our record of this transaction. We reserve the right to cancel it forthwith upon telegraphic notice to you, if this contract is not signed and returned immediately by you. Unless especially agreed otherwise, this is subject to the rules and regulations of the St. Joseph, Mo., Board of Trade. We will not be bound by any brokers' stipulations or agreements or representations not in accord with this contract.

"St. Joseph, Mo., 2/24, 1918.

"Milledgeville Milling Co., Milledgeville, Ga.—Dear Sir:—We hereby confirm sale to you, per Webb, of 2-Cap cars of 3 W. Corn, basis 310½ cost and freight, Milledgeville. Official weights and official grades to govern settlement. For shipment 30 days.

"Special Conditions: United States Food Administration License No. G–15879.

"Demand draft when attached to bill of lading to be paid by you. In the event you fail to do so, you hereby promise and agree to pay us the difference between the contract price and the price realized for the grain, together with any and all expenses incurred in disposing of said grain.

"This contract is in every respect subject to interpretation under the laws of the state of Missouri. This contract is contingent upon strikes, delays, floods, accidents, and other occurrences beyond our control.

"This constitutes our contract and supersedes all prior negotiations between us on this subject; but if the above is not complete accordance with your understanding of our contract, wire us immediately, since failure to notify us of error is an acceptance of this contract.      Elwood Grain Company,

"Per H. C. Shaw.

"Accepted by M. M. Co.

"Please return this sheet, signed, for our file."

The petition averred the shipment of the corn as called for by the contracts, the routing of it to Milledgeville as requested by the defendant, that bills of lading taken for it were indorsed in blank by the plaintiff, which attached thereto drafts on the defendant for the contract price of the corn, that the drafts with bills of lading attached were forwarded through the plaintiff's bank in St. Joseph to a bank at Milledgeville, and that, when the drafts were presented to the defendant for payment by the bank at Milledgeville, the defendant refused to pay them. The petition contained no averment as to what became of the corn after the refusal of the defendant to pay the drafts for the price of it. The court sustained a general demurrer to the petition and dismissed it.

The provision of the contracts covering the event of the defendant's failure to pay demand drafts accompanying bills of lading for the corn makes it plain that it was contemplated that the plaintiff was to retain control of the corn until such drafts were paid, and that in the event of the defendant's failure to pay such a draft the corn covered by the bill of lading accompanying such draft was to be subject to be disposed of by the plaintiff, and that what the defendant obligated itself to pay in that event was, not the agreed price of the corn, but the difference between the contract price and the price realized by the plaintiff for the corn, together with any and all ex-

pense incurred in disposing of it. That provision distinctly negatives the conclusion that the defendant obligated itself to pay the contract price of corn which it did not get, but which remained under the control and subject to the disposition of the plaintiff, though the defendant's failure to get such corn was due to its own fault in failing to pay a draft for the amount of the agreed price of it. When a contract specifically fixes the liability to be incurred by a party in a contingency expressly provided for, there is no room for holding that the happening of that contingency resulted in imposing a substantially different liability, though in the absence of such provision the law would impose on the party in default a liability different from the one expressly provided for.

The petition does not contain averments showing that the plaintiff is entitled to recover anything because of the alleged breach by the defendant of its undertaking to pay the drafts drawn on it in pursuance of the contracts. The contrary not being disclosed by the averments of the petition, it may be presumed that, following the defendant's refusal to pay the drafts, the plaintiff disposed of the corn and realized therefrom enough to pay the contract price and all expenses incurred in disposing of the grain. The petition does not show that the plaintiff did not itself dispose of the corn, nor that it realized less for it than it would have received if the defendant had paid the drafts when they were presented.

The conclusion is that the court did not err in the ruling complained of. The judgment is affirmed.